**FILED**

MAR 2 4 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00189 SBA |
| Plaintiff, | DETENTION ORDER |
| v. | |
| JOSE BATRIZ, | |
| Defendant. | |

Having considered the proffers made by the parties, their arguments, the Pretrial Services Report, and the charging documents, the Court has concluded that the government has established, by a preponderance of the evidence, that there are no terms and conditions on which Mr. Batriz could be released before trial that would provide reasonable assurance that he will make his appearances in these proceedings. The principal considerations and findings that support this conclusion are set forth below.

Mr. Batriz has been indicted on a charge that he has conspired during the last six months with some 14 other persons to distribute large quantities of cocaine, cocaine base, methamphetamine, and a substance containing methamphetamine. This charge is supported by substantial and strong evidence, including evidence

gathered from an extensive set of wire-taps, considerable surveillance, interception and recovery of narcotics, and input from at least one confidential informant. It appears from the evidence and circumstances that Mr. Batriz was a primary source of supply for a group of narcotics dealers centered in Richmond and North Richmond. It also appears likely that Mr. Batriz acquired at least some of the drugs he sold to other dealers from Mexico.

The fact that Mr. Batriz has at least one prior felony conviction for drug trafficking exposes him to a mandatory minimum 20 year prison term and the possibility of being sent to prison for the remainder of his life. He has suffered at least two additional drug-based criminal convictions, but it is unclear whether either of these was a felony. Mr. Batriz' criminal record also includes a separate felony conviction for fraud and two additional misdemeanor convictions. In addition, he has been arrested on other substance abuse charges several times and has been sent back to jail twice for violating terms of probation. Mr. Batriz was on probation at the time he allegedly committed the offenses with which he is here charged – and the local authorities apparently intend to petition for revocation of his probation based on the filing of the indictment in this matter.

It is against this significant backdrop that we assess the implications of other factors that bear on the bail decision. Mr. Batriz parents are currently in Mexico, where, according to defense counsel, it has been their habit for quite some time to spend about half of each year. Mr. Batriz' mother is suffering from serious health problems which she is having addressed in Mexico. Mr. Batriz admits that he has visited Mexico frequently, perhaps as many as twenty times, most recently just a couple of weeks ago. He also admits that about a decade ago he lived for an entire year in Mexico. Curiously, he told the Pretrial Services Officer who interviewed him that he does not have a passport – but the agents who arrested him report recovering

a passport issued by the United States to Mr. Batriz when they executed a search at his residence at the time he was arrested.

During that search the agents also recovered some $10,000 in cash. The defendant has asserted that he won this money by gambling – an activity in which he claims to indulge with some frequency (he did not admit to having a gambling habit or addition). Significantly, he does not claim that he earned this $10,000 from working – perhaps because his sole alleged employment during the past three years has been part-time as a "handyman". He admits he was unemployed between 1995 and 2000, and that he worked only "off and on" for a firm in Hayward between 2000 and 2002. By his own report, his liabilities exceed his assets and his expenses exceed his income.

Mr. Batriz also admits that he abused cocaine on a regular basis between 1999 and 2004 and that in the past he also has had an alcohol abuse problem. He suffered a DUI conviction in 2001. In 1995 he suffered two additional convictions related to driving: one for driving recklessly and the other for driving while his license was suspended. While Mr. Batriz asserts that he no longer suffers from any substance abuse problem, his apparent very recent involvement in the alleged large-scale trafficking in cocaine, cocaine base, and methamphetamine that is charged in the pending indictment undermines the credibility of this assertion. At a minimum, the fact that he admits to substantial substance abuse problems as recently as 2004 increases the risk of instability in his decision-making and, therewith, the risk that he will flee or hide.

Against all these troubling circumstances, Mr. Batriz offers four sureties, three of whom have no property to post. The fourth proposed surety, the defendant's wife, is prepared to post the family home – the equity in which is reportedly some $100,000. The government suggested (without any direct evidentiary support) that this home might have been purchased with proceeds of illegal drug trafficking – and

that an investigation into whether the home is forfeitable soon would be undertaken. The possibility that Mr. Batriz and his wife might lose their home in a forfeiture proceeding, however, plays virtually no role in the court's detention decision – because the prospect of losing even a legitimately earned $100,000 in equity in a house pales in comparison to the prospect of spending somewhere between 20 years and the rest of one's life in jail – especially for a person with such close ties to Mexico and such a demonstrated willingness to commit crimes and violate orders issued by courts.

Given all the considerations outlined above, the court cannot be reasonably confident that if it released Mr. Batriz before his trial he would not flee or hide. He must be DETAINED.

IT IS SO ORDERED.

Dated: March 24, 2006.

WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:
All parties,
WDB, Stats